Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLIFFORD J. CHURCH, *individually and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:20-cv-10538-CCC-ESK<br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Clifford J. Church, residing in Bergen County, New Jersey, individually and on behalf of those similarly situated, by way of First Amended Class Action Complaint against Defendants Midland Funding, LLC, and Midland Credit Management, Inc., (and John Does 1 to 10), states:

## I.    NATURE OF THE ACTION

1.      This action for damages arises from the debt collector's violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.      As described more fully below, Defendants' conduct and failure to comply with

the FDCPA, when attempting to collect consumer debts from consumers, by falsely threatening

that "[i]f your account goes to an attorney, the flexible options below may no longer be available

to you."

## II.    JURISDICTION AND VENUE

3.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1331.

4.      Venue in this action properly lies in the District Court of New Jersey, Newark

Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.      Plaintiff Clifford J. Church ("Plaintiff" or "Church") is a natural person residing

in Bergen County, New Jersey.

6.      Defendant, Midland Funding LLC ("MF"), is a Delaware limited liability

company with its principal place of business at San Diego, California. MF is engaged in the

purchase and collection of defaulted consumer debts.

7.      Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation

with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San

Diego, California 92108. MCM is engaged in the purchase and collection of defaulted consumer

debts.

8.      Defendants John Does 1 to 10 are fictitious names of individuals and businesses

alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV.    FACTS

9.      Defendants are not in the business of extending credit, selling goods or services to consumers.

10.      Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11.      The principal purpose of Defendants is the collection of debts.

12.      When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

13.      Defendants have asserted that Plaintiff incurred or owed a certain financial obligation, which arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

14.      Specifically, Defendants have asserted Plaintiff has an outstanding balance on a Comenity Bank/Pier 1 Imports ("Comenity/Pier 1") credit card account.

15.      Pier 1 Imports is a chain of stores "dedicated to offering customers distinct home furnishings and décor".[1] Its merchandise assortment ranges from "home accessories such as candles, vases and picture frames to full-sized, upholstered furniture, hand-carved armoires, large-scale vases and eclectic wall decor." *Id*.

16.      Plaintiff used the Comenity Bank/Pier 1 account to purchase goods and merchandise from Pier 1 Imports.

---

[1] https://www.pier1.com/pages/about-pier-1-imports

17.     Plaintiff has not operated under any business name within the last 8 years preceding his bankruptcy.

18.     In fact, the credit card agreement (ECF No. 6-5 at page 8) which Defendants rely on in their motion to dismiss states:

- You agree that the credit extended under your Account will be used only for personal, family or household purposes and not for business or commercial purpose.

19.     Plaintiff included the Comenity Bank/Pier 1 Imports account in his bankruptcy petition.

20.     In his bankruptcy petition, Plaintiff indicated his debts were primarily consumer debts, defined as "incurred by an individual primarily for a personal, family, or household purpose".

21.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

22.     Defendants contend that the debt allegedly owed by Plaintiff was past-due and in default.

23.     Plaintiff's alleged debt was assigned to Defendants for the purpose of collection.

24.     Plaintiff's alleged debt was past-due and in default when it was placed with or assigned to Defendants for collection.

25.     To collect the alleged debt, Defendants mailed a collection letter to Plaintiff on or about July 3, 2019 ("MCM Letter"). A true copy of the collection letter, but with redactions, is attached as **_Exhibit A_**.

26.     Plaintiff received the MCM Letter.

27.     On information and belief, MCM created the MCM Letter and mailed along with substantially identical letters which are mass-produced, computer-generated, form letters mailed

to consumers in the State of New Jersey in MCM's attempt to collect debts.

28.    Defendants sent the MCM Letter to collect a debt allegedly owed to Comenity Bank/Pier 1 Imports.

29.    The MCM Letter stated "**LET US HELP YOU"** and right below, the MCM letter continued, "If your account goes to an attorney, the flexible options below may no longer be available to you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law."

30.    Contrary to Defendants' statements, Defendants and their agents continue to offer flexible payment options for accounts even after they are sent to attorneys or after lawsuits have been filed.

31.    Defendants do not intend to make flexible payment options unavailable.

32.    Defendants never intended to make flexible payment options unavailable.

## V.    POLICIES AND PRACTICES COMPLAINED OF

33.    The MCM Letter deprived Plaintiff of truthful, non-misleading information in connection with Defendants' attempt to collect a debt.

34.    On information and belief, the MCM Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

35.    Therefore, the MCM Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

36.    It is Defendants' policy and practice to send collection communications in the forms attached as Exhibit A, which falsely threaten that flexible options will no longer be available.

37.     Such policy and practice are in violation of the FDCPA.[2]

38.     Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C.A. §§ 1692e, 1692e(2), 169e(5), 1692e(10), and 1692f.

39.     Defendants used the same procedures that they employed in sending the MCM Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## VI.    CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

42.     Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with an address within the State of New Jersey to whom, beginning July 3, 2019 through and including the final resolution of this case, Defendants sent one or more letters in an attempt to collect a Comenity Bank debt which contained the same or similar statement that "If your account goes to an attorney, the flexible options below may no longer be available to you."

43.     Plaintiff seeks to recover statutory damages, attorneys' fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

44.     The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

45.     There are questions of law and fact common to the members of the class that

---

[2] *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 745 (N.D. Ill. 2017)

predominate over questions affecting only individuals, including but not limited to:

      A.     Whether Defendants are a debt collector under the FDCPA;

      B.     Whether Defendants violated the FDCPA; and

      C.     Whether Plaintiff and the Class are entitled to statutory damages.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

47.     Plaintiff's claim is typical of the claims of the members of the class.

48.     The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

49.     Plaintiff does not have interests antagonistic to those of the class.

50.     The class, of which Plaintiff is a member, is readily identifiable.

51.     Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

52.     The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members

of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

53.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VII.    COUNT I - VIOLATIONS OF THE FDCPA

54.     Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

55.     Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

56.     The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

57.     Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

58.     Defendants' collection letters sent to Plaintiff and other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

59.     By sending numerous collection letters in the same or similar form as Exhibit A, Defendants violated the FDCPA.

60.     The violations of the FDCPA described herein constitute *per se* violations.

61.     Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorneys' fees and costs under 15 U.S.C. § 1692k.

## VIII.　　PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Clifford J. Church, on behalf of himself and others similarly situated, demands judgment against Defendants Midland Funding, LLC and Midland Credit Management, Inc. as follows:

> A.　　For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and The Law Office of Ronald I. LeVine, Esq. as class counsel;
>
> B.　　For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);
>
> C.　　For statutory damages in favor of the class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);
>
> D.　　An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)() to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;
>
> E.　　For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C.A. § 1692k(a)(3);
>
> F.　　For pre-judgment and post-judgment interest; and
>
> G.　　For such other and further relief as the Court deems equitable and just.

## IX.　　JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X.　　CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except the matter styled *Hejamadi, et al., v. Midland Funding LLC, et al.*, 2:18-cv-13203-KSH-CLW (D.N.J.).

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim, Esq.
*Attorneys for Plaintiff*

Dated: October 9, 2020